# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:06 CR 12

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MICHAEL DAVID MEADOWS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard upon a motion filed by the defendant on July 26, 2006 entitled, "Motion for Bond" and it appearing to the court at the call of this matter on for hearing that the Government was present through Assistant United States Attorney, Don Gast and that the defendant was present and represented by his attorney, Ronald True and from the evidence offered and the records in this cause and the arguments of the Assistant United States Attorney and the attorney for the defendant, the court makes the following findings:

**Findings**. On April 26, 2006 the defendant was charged in a bill of indictment with conspiracy to manufacture and distribute methamphetamine and four counts of possessing a firearm in furtherance of a drug trafficking crime. On May 16, 2006 the undersigned entered an order detaining the defendant. This order allowed the defendant to file a motion requesting that the undersigned reconsider the issue of the defendant's detention based upon a change of circumstances, that being completion of the Jail Based Inpatient Treatment Program. The undersigned further entered the follows: "However, the undersigned notes that the defendant has a previous felony conviction for possession of a schedule II controlled

substance. He further has pending charges relating to his use of this substance. As a result, substantial evidence would have to be shown by the defendant to defeat the presumption that the detention of the defendant is warranted". At the hearing of this matter the Government introduced into evidence the Pretrial Services Report that had been prepared by the United States Probation Office. There has also been filed and the court considered a Memorandum filed on July 28th by the United States Probation Office which advised that the defendant had completed the Jail Based Inpatient Treatment Program, but which recommended that the defendant remain in custody based upon the following factors:

1) Lengthy criminal record, including pending state charges;

2) Substance abuse history;

3) Appears that the defendant was on state probation when the current offense was alleged to have occurred.

The defendant presented evidence by testimony from his mother, Gladys Meadows. Ms. Meadows is 78 years old and is confined to a wheelchair. Ms. Meadows testified that she would be available to act as a custodian to insure that if the defendant were released on terms and conditions of pretrial release that she would see that the defendant did comply with those conditions. Although frail physically, the court finds that Ms. Meadows was fully in control of all of her mental facilities. Ms. Meadows further testified that the defendant had never previously lied to her and that it was her opinion that she could act as a custodian for the defendant. Ms. Meadows is currently cared for by the defendant's son, Brandon who is age 24. Brandon Meadows provides total and complete care for Ms. Meadows. On August

4, 2006 the defendant entered a plea of guilty to the charge of conspiracy to manufacture and distribute methamphetamine and to one count of having a firearm during and in relation to a drug trafficking offense.

**Discussion**. The undersigned has reconsidered the issue of the detention of the defendant. Incorporated herein are the findings as set forth by the court in the order dated May 16, 2006. Of substantial concern to this court is the fact that the defendant has, previous to his plea of August 4, 2006, three felony convictions involving the use of controlled substances. The defendant was convicted of two counts of delivery of marijuana on January 25, 1985. Each one of those convictions was a felony. The defendant was convicted on August 29, 2005 of felony possession of a scheduled II controlled substance. The factual circumstances that led to this charge occurred on May 30, 2004. The defendant was apparently released on bond at that time. The allegations contained in the bill of indictment show that the defendant was involved in the conspiracy during the period from November 1, 2003 through March 31, 2006 and that he possessed a firearm during and in relation to this offense between May 1, 2005 and July 31, 2005. As a result, it appears that the defendant had been released on bond on a felony charge in 2004 and while released on bond the defendant committed the offense of being in possession of a firearm during and in relation to a drug trafficking offense. These undisputed facts give the undersigned great concern in releasing the defendant. It is the belief of the undersigned that the release of the defendant would create a danger to any other person or the community. The defendant's mother, who is a fine person, is not in a physical condition whereby she could act as a custodian for the

defendant and to impose upon the defendant's 24 year old son to act as a custodian at a time when he is providing complete and total care to the defendant's invalid mother would be just too much of a burden to place on the defendant's son. The undersigned has further given weight to the recommendation of the United States Probation Office and the risk factors that were set forth in the memorandum of the United States Probation Office. As a result, the undersigned has determined to enter an **ORDER DENYING** the defendant's motion and further ordering that the defendant be detained pending sentencing and further proceedings in this matter.

Signed: August 14, 2006

Dennis L. Howell
United States Magistrate Judge